# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| **ORTIZ & ASSOCIATES CONSULTING, LLC,** <br> Plaintiff, <br><br> v. <br><br> **RICOH USA, INC.** <br> Defendant. | Civil Action No. 6:23-cv-00414 <br><br> **JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Ortiz & Associates Consulting, LLC ("Ortiz") files this Original Complaint and demand for jury trial seeking relief from patent infringement of the claims of U.S. Patent No. 9,549,285 ("the '285 patent") (referred to as the "Patent-in-Suit") by Ricoh USA, Inc. ("Ricoh"). Plaintiff files this Original Complaint as a new cause of action addressing the Court's reasons for dismissal of the prior action. The Court's Order is attached as Exhibit C. Ortiz has specifically identified the "server" in this complaint.

### I.    THE PARTIES

1. Plaintiff Ortiz is a New Mexico Limited Liability Company with its principal place of business located in Albuquerque, NM.

2. On information and belief, Ricoh is a corporation existing under the laws of the State of Delaware, with a regular and established place of business located at 130 Ralph Ablanedo Dr #D, Austin, TX 78748. On information and belief, RICOH sells and offers to sell products and services throughout Texas, including in this judicial district, and introduces products and services that perform infringing methods or processes into the stream of commerce knowing that they would be sold in Texas and this judicial district. Defendant may be served through its registered agent THE CORPORATION TRUST COMPANY CORPORATION TRUST CENTER, 1209 ORANGE

ST., WILMINGTON, DELAWARE 19801 or anywhere they may be found.

## II.   JURISDICTION AND VENUE

3. This Court has original subject-matter jurisdiction over the entire action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff's claim arises under an Act of Congress relating to patents, namely, 35 U.S.C. § 271.

4. This Court has personal jurisdiction over Defendant because: (i) Defendant is present within or has minimum contacts within the State of Texas and this judicial district; (ii) Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in this judicial district; and (iii) Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas and in this judicial district.

5. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b). Defendant has committed acts of infringement and has a regular and established place of business in this District. Further, venue is proper because Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in Texas and this District.

## III.   INFRINGEMENT

### A. Infringement of the '285 Patent

6. On January 17, 2017, U.S. Patent No. 9,549,285 ("the '285 patent", attached as Exhibit A) entitled "Systems, Methods and Apparatuses for Brokering Data Between Wireless Devices, Servers and Data Rendering Devices" was duly and legally issued by the U.S. Patent and Trademark Office.  Ortiz owns the '285 patent by assignment.

7. The '285 patent relates to a novel and improved system for secure communication over a public network.

8. RICOH maintained, operated, and administered systems and servers, that infringed one or more claims of the '285 patent, including one or more of claims 1-13, literally or under the doctrine of equivalents.[1] Defendant put the inventions claimed by the '285 Patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put into service. Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

9. Support for the allegations of infringement may be found in the following preliminary table attached as Exhibit B. These allegations of infringement are preliminary and are therefore subject to change.

10. Defendant has caused Plaintiff damage by direct infringement of the claims of the '285 patent.[2] Defendant has known of the '285 patent from at least November 12, 2021`, the filing date of a prior lawsuit.

11. Defendant has and continues to induce infringement. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., systems for establishing secure communication over a public network) and related services such as to cause infringement of one or more of claims 1-13 of the '285 patent, literally or under the doctrine of equivalents. Moreover, Defendant has known of the '285 patent and the technology underlying it from at least

---

[1] Plaintiff reserves the right to amend to add claims for indirect infringement, including inducement and contributory, and/or willful infringement, to the extent fact discovery shows RICOH's pre-expiration knowledge of the patent.
[2] Plaintiff reserves the right to amend to add claims for indirect infringement, including inducement and contributory, and/or willful infringement, to the extent fact discovery shows RICOH's pre-expiration knowledge of the patent.

the filing of the prior lawsuit.[3] For clarity, direct infringement is previously alleged in this complaint.

12. Defendant has and continues to contributorily infringe. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., systems for establishing secure communication over a public network) and related services such as to cause infringement of one or more of claims 1-13 of the '285 patent, literally or under the doctrine of equivalents. Defendant has known of the '285 patent and the technology underlying it from at least the issuance of the patent.[4] For clarity, direct infringement is previously alleged in this complaint.

## IV.   JURY DEMAND

Plaintiff hereby requests a trial by jury on issues so triable by right.

## V.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a. enter judgment that Defendant has infringed the claims of the '285 patent;

b. award Plaintiff damages in an amount sufficient to compensate it for Defendant's infringement of the '285 patent in an amount no less than a reasonable royalty or lost profits, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

c. award Plaintiff an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement; and

d. award Plaintiff such other and further relief as this Court deems just and proper.

---

[3] Plaintiff reserves the right to amend if discovery reveals an earlier date of knowledge.
[4] Plaintiff reserves the right to amend if discovery reveals an earlier date of knowledge.

Respectfully submitted,

**Ramey LLP**

*/s/ William P. Ramey, III*
William P. Ramey, III
Texas Bar No. 24027643
Kyril Talanov
Texas Bar No. 24075139
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)
wramey@rameyfirm.com
ktalanov@rameyfirm.com

*Attorneys for Ortiz & Associates Consulting, LLC*